Hitchcock, J.
It will be seen by the declaration in this case, that the covenant, and the only covenant contained in the deed, for the breach of which it is sought to recover damages in this case, is the covenant of warranty, and the question raised is, whether the declaration is sufficient to entitle the plaintiff to recover. The breach assigned is, that one Jane McLain had a contingent dower interest in the premises conveyed, that after the death of her husband she filed and prosecuted her petition for dower, and such procedings were had, that she obtained a decree against plaintiff for the gross sum of one hundred thirty-seven dollars and fifty cents, not charged upon the lands, but strictly personal, with an order that if the same was not paid in sixty days, execution should issue as upon judgments at law. Upon such state of the case can plaintiff recover ?
We do not doubt that the covenant in the deed is sufficient to cover a claim for dower, provided the same be prosecuted to such a result,' that the covenantee is thereby deprived of even the temporary possession of the whole or any part of the land conveyed. It may be thought that a covenant against incumbrances is the appropriate covenant to meet such a case, but it is equally well met by the covenant of warranty. In order, however, to maintain an action upon the latter covenant there *69 must, as a general rule, have been an eviction, and this 'fact should appear from the declaration. ■ There are exceptions it is true to this general rule, and in particular cases other matters have been held to be equivalent to an eviction. In the case of King v. Kerr’s administrators, (5 O. R. 154,) the Court say, in speaking of the covenant of warranty, “ this covenant is not broken until the grantee, his heirs or assignee, is evicted from, or disturbed in the enjoyment of the premises, or a part of them, by the setting up of a superior or paramount title.” Still in that case it was determined that where, after a judgment in ejectment, the tenant remains in possession claiming pay for improvements under the occupying claimant law, and while so remaining in possession, purchases in the paramount title, the tenant may have an action upon the covenant of warranty, against his grantor, although not actually evicted. In making this decision the Court was controlled by the principles of the occupying claimant law. Under that law the occupant cannot be dispossessed until paid for his improvements. And if the claimant should neglect to make payment, the occupant must either lose the benefit of his improvements, or be delayed in the proceeding under his covenant. The Court held that this case might be well considered as an exception to the general rule, that no action could be sustained until actual eviction.
So in the case of Tuite v. Miller, reported in the Western Law Journal, Yol. 5, 413,14. The Court held that where dower had been assigned not in kind, but in the value of one third of the rents and profits, and made a charge upon the land, that this might well be considered equivalent to eviction. The reason is this: By our law regulating dower, the widow is to be endowed of one third of all the lands, &c., of which her husband died seized, as an estate of inheritance, during coverture. This dower is to be set off and assigned by metes and bounds if it can be done, and after the assignment so made, and approved by the Court, a writ of seizin is to be issued to. the sheriff, who is required thereby to put the widow in pos *70 session. After this writ is executed, he who by this proceedevicte(b may have his action upon his covenant of war-against his grantor, and will be entitled to recover damages, not to the extent of the consideration money or of one third of the consideration money of his deed, but to the extent that the value of his estate is diminished by carving out this life estate, taking one third of the consideration money to be the value of one third of the fee simple interest. Such we understand to bo the rule of law where the dower is assigned by metes and bounds. The same law provides, that where no division can be made by metes and bounds “ dower shall be assigned thereof as of a third part of the rents, issues and profits to be computed and ascertained ” as in the statute prescribed. In the case of Tuite v. Miller, dower had been asigned in this latter manner. The one third of the rents and profits were computed to some sixty or sixty-six dollars per year, and this was made a charge upon the land, and it was ordered that unless payment was made the-land should be sold. The Court believed this to be such a disturbance of the possession,. that it might bé held equivalent to an eviction, and so decided. It is true this case was decided upon the circuit, but upon consideration, we are unanimous in the opinion that this decision was correct.
If so, then what will be the effect of -these principles upon the case now before the Court ? There is no pretence that the plaintiff has been evicted from, or disturbed' in the possession and enjoyment- of the land, conveyed by Nyce. True, Jane McLain set up a claim to dower in the land; but no dower was assigned to her by metes and bounds, nor was dower assigned to her by the provisions of the statute, as of a third part of the rents, issues and profits. The statute seems to have been entirely disregarded. True, a decree was made in her favor, against Johnson, for one hundred and thirty-seven dollars and fifty cents, which was to be in full of dower. This, however, was not made a charge upon-the land, and could in no shape act as an incumbrance upon it. It was amere personal decree, *71 to be enforced by execution. It is said, however, that this decree is still in force, and cannot be collaterally impeached. do not impeach it. It is in force, but no persons are fected by it, but parties and privies. Neither Nyce nor his executors were parties to the proceeding, nor from anything which appears, had they notice of it. It has no operation to incumber the land. Had one third part of the land been set off, by metes and bounds, and the widow been put in possession, or had dower been assigned according to the statute, as in the case of Tuite and Miller, then the plaintiff might have had redress, upon the covenant of warranty. But as the case is now presented, he can have no such redress.
We are of opinion that the Court of Common Pleas did not err in sustaining the demurrer to the plaintiff’s declaration, and the judgment of that Court is affirmed.